## THE STATE v. MOSES ANDERSON.

*Master and Servant—Parent and Child—Enticing Servants.*

1. The statute (*The Code,* §§ 3119, 3120) making it a misdemeanor to entice, persuade, or procure a servant to unlawfully leave the service of his master, extends only to those cases where the relation of master and servant is created either by *indenture* or by *contract,* orally or in writing, entered into by the servant himself and the employer.

2. If a minor, without the consent of his parents, enters into such relation, the latter may, without offending against the statute, command his child to quit the service of his employer—the parental right to control the child being paramount to that of the employer under the contract. It would be otherwise with one who occupied no such relation.

This is a CRIMINAL ACTION, which was tried before *Bynum, J.,* at August Term, 1889, of LENOIR Superior Court.

The defendant is charged in the indictment with a violation of the statute (*The Code,* § 3119). He pleaded "Not guilty."

On the trial the jury rendered a special verdict, substantially as follows:

"The defendant, in January of 1889, hired to the prosecutor his son Lloyd, a minor, to work for him until the first of August, 1889, at $9 per month. This minor was under the control of his father, the defendant. On the 13th of May, 1889, the latter went to the house of the prosecutor, where his son was at work, and ordered him to quit work for the prosecutor, the latter protesting against it, and claiming the services of the son until August, under the contract, and that he had paid for more of the son's services than he had rendered, but nevertheless, under the order of his father, the son quit work and the employ of the prosecutor and did not return."

The Court was of opinion that the defendant was not guilty, and directed that verdict to be entered, which was done, and an order discharging the defendant was made.

The Solicitor for the State excepted and appealed to this Court.

*The Attorney General,* for the State.

No counsel for the defendant.

MERRIMON, C. J.—after stating the case: The statute (*The Code,* §§ 3119, 3120) prescribes, among other things, that "if any person shall entice, persuade and procure any servant by indenture, or any servant who shall have contracted in writing, or orally, to serve his employer, to unlawfully leave the service of his master or employer, &c., * * * the offender shall be guilty of a misdemeanor and fined not exceeding one hundred dollars, or imprisoned not exceeding six months." We think that the Court below held properly that what the defendant did was not a violation of the above recited statutory provision.

It will be observed that it makes it a misdemeanor to entice, persuade and procure one of two classes of servants "to unlawfully leave the service of his master or employer." First, one who is such by indenture; secondly, "one who shall have contracted in writing, or orally, to serve his employer." It does not, in terms, or by just implication, extend to or embrace servants who become such by relations otherwise created. The two classes thus specified embrace the great body of servants employed, and it seems that the purpose of the statute is to protect masters and employers against officious and sinister intermeddlers, whatever their motives, with them. Such servants would feel more at liberty to be persuaded and procured to quit their masters' employ. As to servants, not so numerous, becoming such otherwise than as so provided, the master or employer

would, ordinarily, be helped to retain control of them by the person from whom he hired them, or, in case of his unlawful interference with them, he would have his civil remedy against him.

The servant of the prosecutor, who is charged in the indictment to have been "enticed, persuaded and procured" by the defendant to leave his service, was not such by indenture, nor was he such by any contract on his part with the prosecutor. The defendant himself hired his son, a minor under his control, such servant to the prosecutor, and, as we have seen, what he did does not come within the inhibition of the statute cited.

But if the statute were more comprehensive than it is, the defendant did not "entice, persuade and procure" the prosecutor's servant to quit his service as contemplated by the statute. He, openly and defiantly, claiming and exercising authority and control as father of the servant, a minor, commanded him to quit the prosecutor's service, and, acting upon such command, he did so. He did not "entice, persuade and procure." If the prosecutor had employed—contracted with—the minor son of the defendant without the latter's sanction, the latter would, in that case, have had the right as father to command and require his son—the servant—to quit such service and go home, because his rights would have been paramount to that of the prosecutor, nor would this be a violation of the statute. But if the minor had so contracted, and a person, other than the father, had "enticed, persuaded and procured" such servant to quit his employer's service, such person would be guilty of a violation of the statute. *State* v. *Harwood*—decided at this term.

There is no error, and the judgment must be affirmed.

Affirmed.